UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:19-cv-04163-VAP-ASx | Date | November 26, 2019 |
|---|---|---|---|

Title   *David Black v. State Farm General Insurance Company et al*

Present: The Honorable    VIRGINIA A. PHILLIPS, CHIEF UNITED STATES DISTRICT JUDGE

| BEATRICE HERRERA | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings:    MINUTE ORDER GRANTING DEFENDANT'S MOTION TO STRIKE EXPERT WITNESS DESIGNATION AND DISCLOSURE (DKT. 31) AND DENYING PLAINTIFF'S EMERGENCY REQUEST FOR ENLARGEMENT OF TIME TO FILE OPPOSITION (DKT. 43) (IN CHAMBERS)

On November 4, 2019, Defendant filed a Motion to Strike Expert Witness Designation and Disclosure.  (Dkt. 31, the "Motion").  The Motion was set for hearing before this Court on December 2, 2019.  (*Id.*).  Plaintiff's opposition was due by November 11, 2019.  *See* L.R. 7-9.  Plaintiff filed his opposition to the Motion (the "Opposition") on November 18, 2019.  The following day, November 19, Plaintiff submitted an Emergency Request for Enlargement of Time to File Opposition (the "Request").  (Dkt. 43).  The Court finds the matter suitable for decision without a hearing pursuant to Local Rule 7-15.  The December 2, 2019 hearing dates are therefore vacated.

Local Rule 7-12 states that "failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  *Kristensen v. Expansion Capital Grp., LLC*, No. 2:16-cv-00982-JFW-JEMx,

2016 WL 10988570, at *1 (C.D. Cal. July 19, 2016) (holding failure to oppose a motion to dismiss was grounds for dismissal with prejudice pursuant to Local Rule 7-12). Plaintiff submitted his Opposition a week late and the Court may, therefore, deem his omission as consent to the granting of Defendant's Motion.

The Request seeks an extension of the November 11 deadline to permit the Court to consider the Opposition.  (Dkt. 43 at 1).  Federal Rule of Civil Procedure 6(b)(1)(B) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Evaluating what represents excusable neglect is an equitable determination that involves considering several factors.  *See Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004).

Plaintiff fails to establish excusable neglect.  As discussed below, his expert disclosures were not only untimely but also incomplete, prejudicing Defendant.  (*See* Dkt. 31-1 at 7–8; *see* Dkt. 31-2 at 36–62).  The length of the delay was significant in the context of a district court's motion calendar, in which motions are typically filed one month before the hearing date, after which the opposing and moving parties each have one week to oppose or reply to, respectively, the other's papers.  Plaintiff's counsel's stated explanation for delay, while pitiable, works against him, as the events he recounts in the Request took place on November 14, three days after the opposition was due.  (Dkt. 43 at 2–4).  He offers no reason for believing the deadline to be November 14 rather than November 11 and, even if he had been correct, apparently intended to craft the Opposition the day it was due (*id.*).

In the interests of justice, the Court has considered the Opposition and finds it lacks merit.  The parties agree that Plaintiff's initial expert witness designation was untimely, if only slightly.  (Dkt. 31-1 at 5; Dkt 40 at 2).  The initial designation was not only late, however, but failed to comply with the disclosure requirements of Rule 26(a)(2).  (Dkt. 31-1 at 7–8; *see* Dkt. 31-2 at 36–62).  From the record, it appears Plaintiff attempted to cure this error by sending Defendants a notice of errata and

"amended" expert disclosure three days after the deadline had passed.  (Dkt. 31-1 at 16).  One may not avoid discovery schedules by producing inadequate materials at the deadline and treating them as placeholders for later, proper production.

For these reasons, the Court GRANTS the Motion and STRIKES Plaintiff's expert designation of Terry D. McNeil.

**IT IS SO ORDERED.**