Steven W. O'Reilly, SBN 141741
12304 Santa Monica Boulevard, Suite 300
Los Angeles, California  90025-2593
Telephone:  (310) 584-7890
Facsimile:   (310) 933-6980
Email: steveslaw110@msn.com
Attorney for plaintiff David Black

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

DAVID BLACK,

      Plaintiff,

v.

STATE FARM GENERAL
INSURANCE COMPANY and
DOES 1-10,

      Defendants.

-----------------------------------------------

Case No. 2:19-cv-04163-VAP-ASx
Hon. Virginia A. Phillips

Plaintiff's Ex Parte Application
for Continuance of the Motion for
Summary Judgment based on
Court'sRuling

Hearing Date:  12-16-19
Time:              2:00 p.m.
Crtrm.:           8A
Judge:            Hon. Virginia A. Phillips

TO THE COURT AND TO THE DEFENDANT AND ITS ATTORNEYS:

The plaintiff respectfully submits this Ex Parte Application for a Continuance of the Summary Judgment hearing on calendar for December 16, 2019. The grounds for continuing the hearing  include to prevent irreparable harm to the plaintiff  caused by the

Ex Parte Application

Court's ruling of Tuesday morning, Novembere 26, 2019. The Court granted the defendant's motion to strike the plaintiff's expert and his opinions. This ruling  was devastating to the plaintiff's case, and to his opposition to summary judgment.

The expert is Terry McNeil  and his testimony  is relevant on the issues of liability, duty, breach,  causation and damages. The plaintiff had completed his opposition and was preparing to file it Tuesday afternoon, when he was notified of the court's ruling.

 That meant that his opposition had to be thrown out and he had to start over. His testimony is critical to the plaintiff's case. The Court's decision to strike the expert from the case is  extreme, which requires a finding of willfulness and bad faith that is simply not present.

Second, any claimed prejudice was eliminated by the timely production of the witness for a four hour deposition, well within the timelines set by the parties and the court in the scheduling order. (See Declaratioon of Steven O'Reilly.)

Third, the expert disclosures  were made, at the latest, on October 8, one day late and, the plaintiff produced the proof of service.

Fourth, the written disclosures  were complete. There was a finding that the expert didn't provide a list of cases that he has worked on for the last four years. There weren't any. He is returning to the expert arena after spending several years in insurance sales.

Ex Parte Application and Brief

Any other doubts as to his education, background, experience, preparation and materials reviewed, were cleared up at his deposition. The plaintiff could not find authority wherein an expert was removed after this degree of compliance, andl 60 days before trial.

This should not be a case of the plaintiff getting what he deserves for being late. He was entitled to file his opposition, but couldn't. It's a case about fundamental fairness.

**Why would the plaintiff submit his opposition brief in the face of a court ruling that excluded all references to the expert, if he can restructure it without the references to the expert?**

There is a lot of evidence to present against this defendant and the plaintiff deserves a fair hearing, with the marshalling of admissible evidence, which is protected by the court through the rules of civil procedure. The plaintiff needs only a couple of days to restructure his brief and submits that he has shown good cause. The fact that he was one day late at the time of the ruling is irrelevant now. The ruling prevented him from presenting evidence and aguing his case. It's a due process violation.

The plaintiff can show excusable neglect because service of the defendant's motion while he was in trial for two days, followed by a day at the 2nd Appellate District, of the Court of Appeal, left him with two business days to prepare and file a complicated opposition.

3

Ex Parte Application and Brief

The plaintiff has had to restructure this ex parte application but did conference with defense counsel before filing it. The plaintiff is confident that he can successfully oppose the motion without the expert but, not without making substantial changes to the brief.

Good cause exists for hearing this matter on an ex parte basis, as a noticed motion would occur after the hearing on the motion for summary judgment, currently set for December 16, 2019. The plaintiff will be irreparably harmed if he is not allowed to present his opposing evidence and argument, against State Farm's motion.

Notice of this ex parte application was given to defense counsel yesterday . Plaintiff counsel was unable to personally speak with defense counsel Teresa Cho on November 25, 2019 and left a detailed message. He tried again yesterday and this time he spoke to her.   Counsel explained that he only had two days when he wasn't in court last week and the opposition was due on Monday November  25. She  would not agree to extend time or  agree to continue the hearing.

 Plaintiff counsel  was served with the motion for summary judgment on November 18, 2019 which left just four business days to file the opposition. Counsel had just started the trial of Sheinin v. Gerard on the 18th and had to prepare for, and attend, oral argument in the Second Appellate District Court of Appeal on November 21, 2019. Those conflicts and others,  prevented the opposition from being filed on time. There should be no prejudice to the defendant  if  the the opposition one or two days  late.

4

Ex Parte Application and Brief

Counsel has worked as efficiently and diligently as possible and could not complete the opposition before 4:00 p.m. on November 25th. This application and motion are based upon the accompanying declaration of defense counsel, the attached memorandum of points and authorities and, papers on file in the above-captioned action.

Dated: November 27, 2019                    LAW OFFICES OF STEVEN O'REILLY

                                    By:   / s / Steven O'Reilly

                                          STEVEN O'REILLY

Ex Parte Application and Brief

MEMORANDUM OF POINTS AND AUTHORITIES

I

INTRODUCTION

Plaintiff counsel has been diligent throughout the handling of this case and conternds that the Court's ruling to strike the plaintiff's expert has resulted in  substantial prejudice to his case and  requires that  he should be allowed to restructure his case so that these issues are presented to the trier of fact:

What is clear, however, is that there are disputed issues    of fact that must be presented t a  trier of fact for resolution. The issue of Allstate's bad faith conduct cannot be resolved on summary judgment.

*The Trial Court Did Not Err in Admitting Expert Opinion Relating to Allstate's Failure Comply with Certain Insurance Statutory and Regulatory Provisions*

Over Allstate's objection, the trial court considered the declaration of Peter M. Occhialin an expert on insurance industry claims settlement practice. In his declaration, submitted l Jordan in opposition to Allstate's motion for summary judgment, Mr. Occhialini expresse Insurance Practices Act (Ins. Code, § 790.03, subd. (h)). He expressed the opinion that Allstate had violated section 790.03, subdivision (h)(1), (3), (5) and (13). In addition, Mr administrative enforcent of section 790.03, subdivision (h), which he claimed, were

Ex Parte Application and Brief

also violated by Allstate. Such regulations, by their terms, set forth the *minimum* standards for claims resolution. (Cal. Code Regs., tit. 10, § 2695.1, subd. (a)(1).)  The trial court overruled that objection.

We agree with the trial court

we conclude that Safeco's failure to conduct a reasonable search for other Safeco policies breached duties arising under the Miller policy to reasonably investigate and settle Michelle Miller's claim. Safeco cannot rely on its breach of the duty to conduct a reasonable investigation to shield itself from liability for breach of the related duty to accept a reasonable settlement demand.

As already noted, an insurer owes a duty to its insured to investigate all of the possible bases of an insured's claim. The insurer's duty to give as much consideration to the insured's interests as it does to its own obligates it to investigate a claim thoroughly. An insurer must fully inquire into the bases for the claim; indeed, it "cannot reasonably and in good faith deny [benefits] to its insured without thoroughly investigating the foundation for its denial." ( Egan v. Mutual of Omaha Ins. Co., supra, 24 Cal.3d at p. 819, italics added.) "An insurance company may not ignore evidence which supports coverage. If it does so, it acts unreasonably towards its insured and breaches the covenant of good faith and fair dealing." ( Mariscal v. Old Republic Life Ins. Co. (1996) 42

Ex Parte Application and Brief

Cal.App.4th 1617, 1624 [ 50 Cal.Rptr.2d 224

"]; Amadeo v. Principal Mut. Life Ins. Co. (9th Cir. 2002) 290 F.3d 1152, 1163 [even assuming the insurer's interpretation of its policy was not adopted in bad faith, its failure to investigate the facts surrounding the claim was evidence of bad faith].)   The insurer cannot claim a "genuine dispute" regarding coverage in such cases because, by failing to investigate, it has deprived itself of the ability to make a fair evaluation of the claim. ( Id. at pp. 348-349.) Thus, although Allstate's interpretation of a policy exclusion was reasonable, it also had a duty to investigate Jordan's coverage claim that was based on the "additional coverage" provisions relating to an "entire collapse," which we held, in Jordan I, was also reasonable and consistent with Jordan's objectively reasonable expectations.

II

THE NINTH CIRCUIT HAS IDENTIFIED

FOUR  FACTORS  THAT CAN ESTABLISH

GOOD CAUSE AND  EXCUSE A LATE FILING

. "'Good cause' is a non-rigorous standard that had been construed broadly across procedural and statutory contexts." Ahanchian v. Xenon Pictures, Inc., 624 F. 3d 1253, 1259 (9th Cir. 2010). In *Ahanchian,* Defendants filed a motion for summary judgment on

8

Ex Parte Application and Brief

the last possible date, supported by roughly 1,000 pages of exhibits and declarations. Ahanchian's opposition was due eight days later, after a three day weekend.  Ahanchian's counsel was scheduled to travel out of state during this time to fulfill a previously-scheduled commitment. The factors that should have been employed were :

A finding of "excusable neglect," is based on a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.  In balancing these factors the court may not apply per se rules, that is, any rigid legal rule against late filings attributable to any particular type of negligence."

. Then, it noted that the length of the delay pointed in favor or relief since "[it] was a mere three days." Id. Applying the third factor, it found that while "a failure to apply a clear local rule may be a weak justification," it was sufficient to point towards relief. Id. Finally, it found no bad faith involved and even stated "[w]e have found good faith in situations where attorneys acted far less diligently and conscientiously." Id.

9

Ex Parte Application and Brief

III

CONCLUSION

Good cause exists to continue the hearing to allow the plaintiff to submit a restructured opposition.


DATED: November 26, 2019          LAW OFICE OF STEVEN O'REILLY


By: ___/  s_/_____

Steven O'Reilly for the plaintiff

10

Ex Parte Application and Brief

## DECLARATION OF STEVEN O'REILLY

My name is Steven O'Reilly.  I am an attorney that is licensed and admitted to practice law in the Central District of the United States District Court and in all of the state courts of California. I am the attorney of record for the plaintiff David Black. As his attorney I have developed personal knowledge of the facts referenced in this declaration. I am offering this declaration in support of my client's Ex Parte Application for a continuance of the hearing for summary judgment in this matter. If I am called as a witness I will competently, and truthfully, testify to the following facts:

1.    I was served with the defendant's motion for summary judgment on November 18, 2019. which left just four business days to file the opposition.  I had just started the trial of Sheinin v. Gerard on the 18th and had to prepare for, and attend, oral argument in the Second Appellate District Court of Appeal on November 21, 2019. That case is entitled Polonsky v. Polonsky with an appellate case number of B290480. Those conflicts alone took up 3 full days and with other conflicts, prevented the opposition from being filed on time.

2.    I called defense counsel Teresa Cho at about 4:50 p.m. on November 25 and left a message on her machine. I didn't hear back and yesterday, November 26, 2019,  I called her at the end of the lunch hour and she picked the phone. It was about   2: 00 p.m.

11

Ex Parte Application and Brief

3. I told Ms. Cho that I was in court most of last week and I explained how the other files and court appearances had left me with little time to prepare an opposition to her motion for summary judgment. As a result, I needed court approval to file it late and, her consent would go a long way.

4. I asked her if she would agree to extend time and allow me to file the opposition one day late. I then explained that I had to be in court for three full days last week and the opposition was due on Monday November 25. She would not agree to extend time or agree to continue the hearing.

5. I discovered the court's ruling to exclude the expert shortly after the conference with Ms. Cho. It will cause irreparable damage to our case.

I have read the above and declare under penalty of perjury and under the laws of the United States of America that it is true to the best of my knowledge. Signed this 27 day of November 2019 at Los Angeles, Ca.

By: / s /Steven O'Reilly

STEVEN O'REILLY, Declarant

Ex Parte Application and Brief

CERTIFICATE OF SERVICE

I, Steven O'Reilly, hereby certify that on November 27, 2019 I electronically filed the foregoing paper described as: Ex Parte Application to Extend time or to continue the Motion for Summary Judgment hearing with the Clerk of the Court using the ECF system and the Court will send notification of such filing to the following parties.

Steven Elie  s.elie@musickpeeler.com
Teresa Cho  t.cho@musickpeeler.com
624 S. Grand Ave., Suite 2000
Los Angeles, Ca. 90027
(213) 629-7600
(213) 624-1376
Representing defendant State Farm

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a member of the bar of this court and authorized this service.

Executed on November 27, 2019 at Los Angeles, Ca.


By:  / s  /Steven O'Reilly

STEVEN O'REILLY

13

Ex Parte Application and Brief

14

Ex Parte Application and Brief