**MUSICK, PEELER & GARRETT LLP**

624 South Grand Avenue, Suite 2000
Los Angeles, California 90017-3383
Telephone (213) 629-7600
Facsimile (213) 624-1376

Steven J. Elie (State Bar No. 130566)
  *s.elie@musickpeeler.com*
Teresa Cho (State Bar No. 156610)
  *t.cho@musickpeeler.com*

Attorneys for Defendant STATE FARM GENERAL INSURANCE COMPANY, an Illinois Corporation, erroneously sued as "STATE FARM GENERAL INSURANCE COMPANY INC."

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| DAVID BLACK, | Case No. 2:19-cv-04163 VAP (ASX) |
| Plaintiff, | **OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR CONTINUANCE OF MOTION FOR SUMMARY JUDGMENT; DECLARATION OF TERESA CHO** |
| vs. | |
| STATE FARM GENERAL INSURANCE COMPANY INC., and DOES 1 to 10, | |
| Defendants. | Date: December 16, 2019 |
| | Time: 2:00 p.m. |
| | Courtroom: 8A |
| | Honorable Virginia A. Phillips |

/ / /

/ / /

/ / /

1191219.1

**MUSICK, PEELER & GARRETT LLP**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff David Black ("Black") has failed to file a timely opposition to Defendant State Farm General Insurance Company's ("State Farm") Motion for Summary Judgment or Partial Summary Judgment ("MSJ") and filed this application for an extension of time after this Court's 4:00 p.m. deadline for filing papers on the day before Thanksgiving.  Black has failed to show that this is one of those "extraordinary" cases warranting relief for "excusable neglect" for missing the deadline.

Black claims that he had completed his opposition to the MSJ when he received this Court's ruling on November 26, 2019 striking Black's expert and his opinions and that he had to start over with the opposition.  (Application, p. 2.)  Black contends that he "needs only a couple of days to restructure his brief and that he has shown good cause." (*Id*., p. 3.)  Black's counsel further claims that he started a trial on November 18, 2019 and had oral argument in appellate court on November 21, 2019.  (O'Reilly Declaration, ¶ 1.)

First, Black's opposition to the MSJ was due November 25, 2019, the day before the Court's ruling striking his expert.  Second, the issue of whether the allegations of the underlying complaint fall within the insuring agreement is an issue of law, not expert opinion.  Third, Black has known State Farm's position that the alleged damages were not caused by an "accident" under the policy language, before and throughout this action.

Fourth, the first time State Farm heard that Black might move to file a late opposition was a 5:00 p.m. voicemail on the day the opposition was due and before the Court's ECF notice of its ruling striking Black's expert.  Fifth, the voicemail from Black's counsel, Steven O'Reilly ("O'Reilly"), that he "got too busy" does not qualify as "excusable neglect" for not filing a timely opposition.

/ / /

1191219.1

**MUSICK, PEELER & GARRETT LLP**

1   Case No. 2:19-cv-04163 VAP (ASX)

OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR CONTINUANCE OF MOTION FOR SUMMARY JUDGMENT

Sixth, Black's application was not filed for another two more days, late in the afternoon before Thanksgiving.  Seventh, nowhere in any communication or the application is there an indication as to when the opposition would be filed.  If Black had filed a timely opposition, State Farm was prepared to prepare a Reply in time to file the day after the Thanksgiving holiday weekend.  Eighth, as the record from this action has shown, O'Reilly has not acted with diligence in filing or responding to motions and other papers (*e.g*, late expert filing).  Ninth, the application seems to have been cut-and-pasted from another case involving Allstate Insurance and is jumbled in parts.

Finally, extension of time or continuance of the MSJ hearing date would cause prejudice because State Farm must begin preparing for the Pre-Trial Conference on February 3, 2020 and trial on February 11, 2020.  Any new hearing date for State Farm's MSJ would be at the end of December 2019 or run into January 2020.

It is now almost a week after the opposition to the MSJ was due.  Black has failed to show this is one of those "extraordinary" cases warranting relief for "excusable neglect" in failing to timely file an opposition to the MSJ.  The application should be denied.

## II.   "EXCUSABLE NEGLECT" MUST BE SHOWN FOR UNTIMELY FILING AND IS FOUND ONLY IN "EXTRAORDINARY" CASES

Federal Rule of Civil Procedure ("FRCP") 6(b)(1) states:

When an act may or must be done within a specified time, the court

may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is

made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act

because of excusable neglect.

FRCP 6(b)(1).

As Black has failed to timely file his Opposition to State Farm's MSJ, this application must be evaluated under FRCP 6(b)(1)(B).  Therefore, a party who has missed a filing deadline must obtain an order permitting late filing and must show that the party failed to file timely because of "excusable neglect."  Further, Local Rule 7-12 states that "failure to file any required document, or the failure to file within the deadline, may be deemed consent to the granting or denial of the motion." *Kirstensen v. Expansion Capital Grp., LLC*, No. 2:16-cv-00982-JFW-JEMx, 2016 WL 10988570, at *1 (C.D. Cal. July 19, 2016) [holding failure to oppose a motion to dismiss was grounds for dismissal with prejudice pursuant to Local Rule 7-12].

The "excusable neglect" standard is a very high bar.  A party cannot easily show "excusable neglect," and the Court should only find "excusable neglect" in "extraordinary cases where injustice would otherwise result." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996) [relying on mail to reach the Court by filing date held not "excusable neglect" for late filing]; *see Stronach v. Virginia State Univ.*, 577 F.Supp.2d 788, 789 (E.D. VA 2008) [counsel's miscalculation of filing date not "excusable neglect"]; *see also, Smith v. Look Cycle USA*, 933 F.Supp.2d 787, 791 (ED VA 2013)[computer viruses that infected counsel's work computer did not constitute excusable neglect with regard to untimely filing of opposition].  A party's failure to act with diligence precludes a finding of excusable neglect. *Robinson v. Wix Filtration Co.*, 599 F.3d 403, 413 (4th Cir.2010).

## III.     THE CASE RELIED UPON BY BLACK IS INAPPOSITE BECAUSE IT INVOLVED AN EXTENSION REQUEST BEFORE THE DEADLINE

For support, Black cites *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1257 (9th Cir. 2010).  In that case, three days after the defendant filed an MSJ, the plaintiff asked defendant for an extension, which was denied.  The next day, before the deadline to file an opposition to the MSJ, the plaintiff filed a request for an

MUSICK, PEELER
& GARRETT LLP

OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR
CONTINUANCE OF MOTION FOR SUMMARY JUDGMENT

extension, reciting that: (1) defendants had waited until the last day to file their motions, choosing to file four days before the Labor Day weekend, and with knowledge of pending depositions; (2) the accompanying motions and exhibits amounted to 1,000 pages of materials; (3) the plaintiff's lead counsel had left the state on the MSJ filing date on a prescheduled trip (as an elected delegate for a major political party's national convention) and would not be returning until after the opposition filing date; and (4) the plaintiff was also out of town over the Labor Day weekend.

*Ahanchian* is readily distinguishable from the present case. The plaintiff in that case filed the extension request before the deadline to file the opposition to the MSJ and was thus evaluated under a more lenient standard under FRCP 6(b)(1)(A). Post-deadline requests for extension, such as Black's current application, fall under FRCP 6(b)(1)(B) and is subject to a more stringent standard of requiring a showing of "excusable neglect," as discussed above.

In contrast to the 1,000-page MSJ in *Ahanchian*, State Farm's MSJ totals just 149 pages, including face pages, tables and exhibit label sheets. There was no national holiday before Black's Opposition was due.

As a result, the sole case relied upon by Black is distinguishable from the current situation.

**IV.   BLACK HAD AMPLE NOTICE THAT STATE FARM CONTENDED THERE WAS NO "ACCIDENT" UNDER THE INSURING AGREEMENT AND CANNOT SHOW "EXCUSABLE NEGLECT"**

Black had ample notice that State Farm contended that there was no potential coverage under the State Farm policies because the alleged damages were not caused by an "accident." Black, who was represented by counsel from the time first notice of the underlying action was given to State Farm, was informed via correspondence from State Farm before Black filed the present action.

/ / /

1191219.1

MUSICK, PEELER & GARRETT LLP

4   Case No. 2:19-cv-04163 VAP (ASX)
OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR CONTINUANCE OF MOTION FOR SUMMARY JUDGMENT

The issue was discussed early in the action at the early meeting of counsel. Ahead of the Local Rule 7.3 conference of counsel before filing the MSJ, on October 23, 2019, State Farm's counsel emailed to Black's counsel, O'Reilly, the factual and legal basis, including *Delgado v. Interinsurance Exch.*, 47 Cal.4th 302 (2009), for the prospective MSJ. (Exhibit 1 to Cho Declaration.) After multiple attempts by State Farm's counsel, the conference took place on October 29, 2019. During that conference, O'Reilly stated he understood State Farm's position and disagreed with it. (Cho Declaration, ¶ 4.)

Before State Farm filed its MSJ papers on November 18, 2019, depositions took place during the intervening three weeks in which State Farm's position that the alleged damages were not caused by "accident" was discussed.

## V.    CONCLUSION

For all of the foregoing reasons, State Farm respectfully requests that this Court deny Black's application for an extension of time to file an opposition to State Farm's MSJ and continuance of the MSJ hearing.

DATED: December 2, 2019          MUSICK, PEELER & GARRETT LLP

By:  /s/Teresa Cho
_____
Steven J. Elie
Teresa Cho
Attorneys for Defendant STATE FARM GENERAL INSURANCE COMPANY, an Illinois Corporation, erroneously sued as "STATE FARM GENERAL INSURANCE COMPANY INC."

MUSICK, PEELER
& GARRETT LLP

1191219.1

5    Case No. 2:19-cv-04163 VAP (ASX)
OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR
CONTINUANCE OF MOTION FOR SUMMARY JUDGMENT

# DECLARATION OF TERESA CHO

I, Teresa Cho, hereby declare as follows:

1.     I am an attorney duly admitted to practice before all the courts in the State of California and this Court.  I am a partner with Musick, Peeler & Garrett LLP, attorneys of record for Defendant State Farm General Insurance Company ("State Farm").  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2.     In this action, I participated in the early conference of counsel with Steven Elie, Esq. of my office and counsel for Plaintiff David Black, Steven O'Reilly, Esq.  I worked with Mr. O'Reilly in drafting the Joint Rule 26(f) Report (Dkt 9), filed July 22, 2019, which set forth the factual and legal basis for State Farm's position, *i.e.*, that the underlying complaint did not allege damages caused by an "accident" under the homeowners policy (see Dkt 9, pp. 3-4 of 8).

3.     On October 23, 2019, I sent Mr. O'Reilly an email for the Local Rule 7.3 conference before filing State Farm's Motion for Summary Judgment or Partial Summary Judgment ("MSJ").  My email outlined the grounds for the MSJ, *i.e.*, that the underlying complaint did not allege damages caused by an "accident" under the homeowners policy and under the law, including *Delgado v. Interinsurance Exch.*, 47 Cal.4th 302 (2009).  Attached hereto as **Exhibit 1** is a true and correct copy of my October 23, 2019 email and follow-on emails reflecting my attempts to hold a telephone conference with Mr. O'Reilly on October 24, 2019 and October 25, 2019.

4.     Ultimately, I discussed the grounds for the MSJ with Mr. O'Reilly on October 29, 2019.  He said he understood the grounds for the MSJ and that he disagreed.

5.     During the following three weeks, Mr. O'Reilly took the depositions of two State Farm personnel and I took the depositions of Mr. Black, Mr. Black's attorney who represented him in the underlying action and corresponded with State

Farm, and Mr. Black's expert.  State Farm's position that the underlying complaint did not allege damages caused by an "accident" was the subject of exhibits and testimony in the depositions I took.  Mr. O'Reilly attended all three depositions that I took.  I understand he took the depositions of the two State Farm personnel.

6.     The depositions were completed by the date that State Farm's MSJ was filed, on November 18, 2019.

7.     The opposition to State Farm's MSJ was due November 25, 2019.  At 5:00 p.m. on November 25, 2019, one hour after the opposition was due pursuant to this Court's Standing Order, a voicemail was received on my office phone from Mr. O'Reilly.  In that voicemail, he said in reference to the opposition, that he "just didn't have time to get to it."  Attached hereto as **Exhibit 2** is a true and correct copy of the transcription of that November 25, 2019 voicemail.

8.     The next day, on November 26, 2019, at about 2:15 p.m., I received a call from Mr. O'Reilly.  He asked if I would stipulate to extend the time to file an opposition to State Farm's MSJ.  I replied I was not authorized to do so. Mr. O'Reilly made no mention of having to re-do the opposition or give any other reason.

9.     My office first received the present ex parte application papers at 4:02 p.m. on November 27, 2019, the day before Thanksgiving.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 2nd day of December, 2019 in Los Angeles, California.

/s/ Teresa Cho
Teresa Cho

MUSICK, PEELER
& GARRETT LLP

1191219.1

7     Case No. 2:19-cv-04163 VAP (ASX)

OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR
CONTINUANCE OF MOTION FOR SUMMARY JUDGMENT