| | Fact | Evidence in Support | Plaintiff's Response |
|---|---|---|---|
| 1 | State Farm issued to Black a Homeowners Policy No. 71-GP-6331-9 for the policy period June 25, 2014 to June 25, 2015 for the location, 315 Avondale Avenue, Los Angeles, California ("Avondale Policy"). | Exhibit 1 to Moore Declaration; Exhibit 1 to Moore Declaration, Bates No. SFDBLAC_000046. | Undisputed |
| 2 | State Farm issued to Black a Homeowners Policy No. 71-CD-X639-3 for the policy period May 1, 2014 to May 1, 2015 for the location, 225 16th Street, Manhattan Beach, California ("16th Street Policy" and together with the Avondale Policy as "Homeowners Policies"). | Exhibit 2 to Moore Declaration; Exhibit 2 to Moore Declaration, Bates No. SFDBLAC_000302 | Undisputed. |
| 3 | Both of the Homeowners Policies include the same policy form, No. FP7955 CA, that include certain liability coverage provisions. | Exhibits 1 and 2 to Moore Declaration; Exhibits 1 and 2 to Moore Declaration, Bates Nos. SFDBLAC_000001, 000258. | Undisputed. |
| 4 | Each of the Homeowners Policies contained the following insuring agreemen SECTION II – LIABILITY | Exhibit 1 to Moore Declaration, Bates No. SFDBLAC_000018; Exhibit 2 to Moore Declaration, Bates No. | Undisputed. |

PLAINTIFF'S STATEMENT OF GENUINE ISSUES   1

| | | | |
|---|---|---|---|
| | COVERAGES<br>COVERAGE L – PERSONAL LIABILITY<br>If a claim is made or a suit is brought against an insured for damages because of bodily<br>injury or property damage to which this coverage applies, caused by an occurrence, we will:<br>1. pay up to our limit of liability for the damages for which the insured is legally liable; and<br>2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to<br>defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting<br>from the occurrence, equals our limit of liability. | SFDBLAC_000275. | |
| 5 | As amended by Endorsement form FE-3422, the Homeowners Policies had the following definitions of terms:<br>"You" and "your" mean the "named insured" shown in the Declarations….<br>…. | Exhibit 1 to Moore Declaration, Bates Nos. SFDBLAC_000003, 004, 033; Exhibit 2 to Moore Declaration, Bates Nos. SFDBLAC_000260, 261, 290 | Undisputed. |

PLAINTIFF'S STATEMENT OF GENUINE ISSUES   2

| | | |
|---|---|---|
| 1. "bodily injury" means physical injury, sickness, or disease to a person. This includes required care, loss of services and death resulting therefrom. Bodily injury does not include: .... c. emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person. .... 4. "insured" means you .... .... 7. "occurrence," when used in Section IIof this policy, means an accident, ncluding exposure to conditions, which results in: a. **bodily injury**; or b. **property damage**; during the policy period. All bodily injury or property damage resulting from one accident, series of related accidents or from continuous and repeated exposure to the same general conditions is considered to be one occurrence. 8. **"property damage"** means physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any **insured** is not **property damage.** | | Undispute |

PLAINTIFF'S STATEMENT OF GENUINE ISSUES   3

| 6 | Each of the Homeowners Policies had $300,000 in personal liability coverage. | Exhibit 1 to Moore Declaration, Bates No. SFDBLAC_000046; Exhibit 1 to Moore Declaration, Bates No. SFDBLAC_000302. | Undisputed |
|---|---|---|---|
| 7. | State Farm issued to Black a Personal Liability Umbrella Policy, No. 71-62-0966-8, for the policy period March 6, 2014 to March 6, 2015 ("Umbrella Policy" and together with the Homeowners Policies as "Policies." | Exhibit 3 to MooreDeclaration; Exhibit 3 to Moore Declaration, Bates No. SFDBLAC_000255. | Undisputed |
| 8 | The Umbrella Policy contained the following insuring agreement: COVERAGES COVERAGE L – PERSONAL LIABILITY If a claim is made or a suit is brought against an insured for damages because of a loss for which the insured is legally liable and to which this policy applies, we will pay on behalf of the insured, the damages thatexceed the retained limit…. Defense If a suit is brought against any insured for damages because of a loss to which | Exhibit 3 to Moore Declaration, Bates No. SFDBLAC_000246. | Undisputed |

PLAINTIFF'S STATEMENT OF GENUINE ISSUES   4

| | | | |
|---|---|---|---|
| | this policy applies, we will provide a defense to the insured at our expense by counsel of our choice when the basis for the suit is a loss that is not covered by any other insurance policy but is covered by this policy.... | | |
| 9 | The Umbrella Policy contained the following definitions of terms:<br><br>2. "**bodily injury**" means physical injury, sickness, or disease to a person, including death resulting therefrom.<br>**Bodily injury** does not include:<br>....<br>c. emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury or any resulting physical injury unless it arises out of actual physical injury to some person; or<br>d. **personal injury**.<br>....<br>7. "**loss**" means:<br>a. an accident, including accidental exposure to conditions, which first results in **bodily injury or property damage** during the policy period. Repeated or continuous exposure to the same general conditions is | Exhibit 3 to Moore Declaration, Bates Nos. SFDBLAC_000241-244, 253. | Disputed. Umbrella policy contains Personal Injury Provisions which hav been deleted and redacted Paragraphs numbere 7 b and 8 are missing |

PLAINTIFF'S STATEMENT OF GENUINE ISSUES   5

| | | |
|---|---|---|
| considered to be one loss; …<br><br>9. "property damage" means physical damage to or destruction of tangible property, including the loss of use of uch property. Tangible property does not include computer programs or data or the reconstruction of computer programs or data. Theft or conversion of property by an insured is not property damage.<br>….<br>13. **"required underlying insurance"** means the following types of insurance policies when shown on the declarations page:<br>….<br>c. **"Personal Residential Liability"** means your policy which provides coverage for liability arising out of the ownership, maintenance or use of a premises as your residence.<br><br>14. **"retained limit"** means the sum of:<br>a. the amount paid or payable by any other insurance policy for the **loss**;<br><br>b. the amount the insured is required to pay for the loss as provided in the | | |

PLAINTIFF'S STATEMENT OF GENUINE ISSUES   6

| | | |
|---|---|---|
| MAINTAINING REQUIRED UNDERLYING INSURANCE section of this policy; and<br><br>c. the amount shown on the declarations page as the Self-Insured Retention". This amount only applies if an **insured** has **no required underlying insurance or an insured's required underlying insuranc**e does not provide any coverage for the **loss**. | | |
| 10 By endorsement, the Umbrella Policy contained the following definition:<br> "you" and "your" mean the person or persons shown as "Named Insured" on the declarations page. …. | Exhibit 3 to Moore Declaration, Bates No. SFDBLAC_000253 | Undisputed |
| 11 The Umbrella Policy's Declarations page reflects Required Underlying Insurance to include a Personal Residential Liability policy with combined limits of $100,000 for bodily injury and property damage. | Exhibit 3 to Moore Declaration, Bates No. SFDBLAC_000256 | Undisputed |

| | | | |
|---|---|---|---|
| 12 | On January 11, 2016, Jasmine Gerwin "Gerwin") filed a Complaint on a judicial form in Jasmine Gerwin v. David Howard Black, Superior Court of California, Los Angeles County, Case No. BC606694 ("Underlying Case" or "Underlying Complaint"). | Exhibit 4 to Zimmerman Declaration.l | Undisputed |
| 13 | The Underlying Complaint listed the following causes of action and stated that the statements applied to the following causes of action: "INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND ASSAULT AND BATTERY COMITTED [sic] BY DEFENDANT AGAINST PLAINTIFF ON AUGUST 10, 2014." | Exhibit 4 to Zimmerman Declaration, Bates No. SFDBLAC_000126. | Undisputed |
| 14 | The Underlying Complaint had a single attachment for "CAUSE OF ACTION – Intentional Tort," which stated:  Plaintiff … Jasmine Gerwin alleges that defendant … David Howard Black was the legal (proximate) cause of damages to plaintiff. By the followingacts or omissions to act, defendant intentionally caused the damage toplaintiff on … August 10, 2014 | Exhibit 4 to Zimmerman Declaration, Bates No. SDFDBLAC_000127. | Undisputed |

| | | |
|---|---|---|
| at … New York City<br><br>….<br>Plaintiff and Defendant, David Howard Black hereinafter "Defendant" or "Black") were in an approximately 4 1/2 year relationship from February 2010 to August 2014. On August 10, 2014, while vacationing together in New York City, New York, and while staying at a hotel in Times Square New York, Defendant committed acts of Domestic Violence against Plaintiff, to wit: Defendant became rageful [sic] and physically assaulted and/or committed a Battery upon the body and person of Plaintiff by trying to break Plaintiff's neck. Currently Plaintiff has a Domestic Violence Restraining Order in place against Defendant, in force until December 5, 2017. During said approximate 4 ½ years relationship, there were other numerous multiple instances of physical and emotional abuse perpetrated by Defendant against Plaintiff. It is believed that there are criminal charges pending in New York, stemming from the assault and battery of August 10, 2014 | | |

PLAINTIFF'S STATEMENT OF GENUINE ISSUES   9

| | | | |
|---|---|---|---|
| 15 | In February 2016, State Farm received a copy of the Underlying Complaint from Black's attorney at Baker Keener & Nahra LLP ("Baker firm"). | Exhibit 4 to Zimmerman Declaration. | Undisputed |
| 16 | By letter of February 25, 2016 to Black, care of the Baker firm, and cc'd to Black, State Farm advised them of its reservation of rights. The letter advised there were questions as to whether State Farm had aduty to defend or indemnify Black as to Underlying Case under the policy provision for "occurrence," Exclusion 1 for intentional as expected or expected injury and CaliforniInsurance Code § 533 excluding damage from willful conduct. The letter further stated that State Farm was willing to consider any additional inforation that they believe might impactState Farm's coverage decision. | Exhibit 5 to Bray Declaration; Exhibit 5 to Zimmerman Declaration. | Disputed. Industry standard requires tha Reservation of Right letters be sent via certified mail.Baker would have scanned letter and billng invo reflect no activity generated by this lett See Declaration of Ph Baker, Esq. at. ¶ 9. |

| | | |
|---|---|---|
| 17 | By letter dated October 12, 2016, State Farm advised the Baker firm:<br>We have requested an opportunity to discuss this matter with your client. (See letter dated April 19, 2016.) You have informed us that you will be sending a detailed explanation of what the insured said happened. I will review same and inform you if we still require a recorded statement over the phone of the insured, Mr. Black. We continue to review this matter with reference to coverage as outlined in the Reservation of rights correspondence previously mailed to your office on February 25, 2016.<br>…. | Exhibit 6 to Zimmerman Declaration | Undisputed |
| 18 | In a letter dated October 12, 2016, emailed to State Farm on October 14, 2016, the Baker firm stated that "as requested, Mr. Black provides the following factual summary of the subject incident that occurred in New York on or around August 10, 2014, while Mr. Black and his then-girlfriend, Jasmine Gerwin, were vacationing there" ("New York incident"). | Exhibit 7 to Zimmerman Declaration | Undisputed |

PLAINTIFF'S STATEMENT OF GENUINE ISSUES  11

| 19 | Black's "factual summary" of the New York incident in the Baker firm's October 12,2016 letter stated in quotes, as follows: "On August 7, 2014, Jasmine Gerwin and I traveled to New York. Ms. Gerwin was my girlfriend at the time. The next day, Ms. Gerwin and I went to Ben's Deli in Queens with my mother and her husband. The waitress at the deli took a picture of us with my cell phone. On the morning of August 10, 2014, I noticed that Ms. Gerwin ingested some kind of pills. That same day, she accused me of having sexual relations with the waitress from Ben's Deli. I tried to calm Ms. Gerwin down and deescalate the situation. But Ms. Gerwin continued to accuse me. Then she pushed me several times. I tried again to deescalate the situation. In response, Ms. Gerwin forcefully struck me across my chest as hard as she could. I attempted to call my mother but Ms. Gerwin had already called her and was speaking to her. I took Ms. Gerwin's cell phone and broke it. I never expected Ms. Gerwin to physically assault me and decided to remove myself | Exhibit 7 to Zimmerman Declaration. | Undisputed |

| | | | |
|---|---|---|---|
| | from the situation and any further risk of harm. So I left the hotel and went to a movie by myself. ...." | | |
| 20 | In an October 24, 2016 letter to State Farm, the Baker firm sent Black's "amended factual summary" of the August 10, 2014 New York incident. | Exhibit 8 to Zimmerman Declaration. | Undisputed. |
| 21 | Black's "amended factual summary" of the New York incident in the Baker firm's October 24, 2016 letter stated in quotes, as follows:<br><br>"On August 7, 2014, Jasmine Gerwin and I traveled to New York. Ms. Gerwin was my girlfriend at the time. The next day, Ms. Gerwin and I went to Ben's Deli in Queens with my mother and her husband. The waitress at the deli took a picture of us with my cell phone.<br>On the morning of August 10, 2014, I noticed that Ms. Gerwin ingested some kind of pills. That same day, she accused me of having sexual relations with the waitress from Ben's Deli.<br>I tried to calm Ms. Gerwin down and deescalate the situation. But Ms. Gerwin continued to accuse me. | Exhibit 8 to Zimmerman's Declaration. | Undisputed. |

| | | | |
|---|---|---|---|
| | Then she pushed me several times. I tried again to deescalate the situation. In response, Ms. Gerwin forcefully struck me on the side of my face and head as hard as she could. I called my mother. After, Ms. Gerwin called my mother and was cursing at her. I took Ms. Gerwin's cell phone and broke it. I never expected Ms. Gerwin to physically assault me and decided to remove myself from the situation and any further risk of harm. So I left the hotel and went to a show, 'Motown,' by myself....." | | |
| 22 | Both the October 12, 2016 and October 24, 2016 letters were cc'd to "David H. Black, Esq." | Exhibits 7 and 8 to Zimmerman Declaration. | Undisputed |
| 23 | Following further review of the Underlying Complaint allegations, Black's "factual summary" and "amended factual summary," State Farm concluded that there was no "accident" under the policy language of the Homeowners Policies, form FP-7955 CA. | Zimmerman Declaration, ¶ 8; Exhibit 9 to Zimmerman Declaration. | Undisputed |

PLAINTIFF'S STATEMENT OF GENUINE ISSUES  14

| | | |
|---|---|---|
| 24 | State Farm sent a letter of December 7, 2016 to the Baker firm, advising that coverage was disclaimed o the ground that the damages alleged were not caused by an accident within the insuring agreement of Policy form FP-7955 CA. The letter asked for any additional documents and information that the Baker firm or Black felt would impact State Farm's coverage decision. | Exhibit 9 to Zimmerman Declaration. | Undisputed |
| 25 | No additional information or othecommunication was received by State Farm until service of the Complaint in the present action. | Zimmerman Declaration ¶ 9. | Disputed. Plaintiff ha no idea what State Fa |
| 26 | In the present action, Black alleges that State Farm agreed to defend and indemnify him with regard to any civil action seeking damages arising by accident under Policy FP7955. | Exhibit A to Request for Judicial Notice ("RJN") [Black Complaint], ¶ 8. | Disputed any policy do. |

PLAINTIFF'S STATEMENT OF GENUINE ISSUES 15

| 27 | In the present action, Black alleges he was sued by his exgirlfriend, Gerwin, for allegedly subjecting her to physical and emotional abus culminating in an assaul and battery on August 10, 2014. Black alleges that "State Farm did not attempt to obtain [his] version" of the facts and "did no investigation before refusing to provide a defense." | Exhibit A to RJN [Black Complaint], ¶ 9. | Undisputed |
| 28 | In the present action, Black's Complaint asserts causes for breach of contract, contractual and tortious breach of the implied covenant of good faith and fairdealing and "Unfair Trade Practices." The Complaint prays for general, special and punitive damages. | Exhibit A to RJN [Black Complaint. | Undisputed |
| 29 | In the present action, Black produced a Family Offense Defendant/Victim Relationship: Boyfriend Misdemeanor record in a New York Criminal Court Case that reflected that Black was charged with Assault in the Third Degree, Criminal Mischief in the Fourth Degree, Attempted | Exhibit 11 to Cho Declaration, BLACK_000058-59. | disputed |

| | | | |
|---|---|---|---|
| | Assault in the Third Degree and Harassment in the Second Degree, with the following statement: On or about August 10, 2014 at about 10:30 A.M., inside 1567 Broadway in the County and State of New York, …. [Gerwin] observed the defendant pull her hair and the side of her body causing redness and substantial pain….[S]he then observed the defendant take her cellular phone from her hand, and smash it into the wall causing it to break….. The record was signed 8/10/14 by a police | | |
| 30 | In the present action, Black produced New York District Attorney's Notices dated August 10, 2014 in a New York Criminal Court Case against him that Black had been charged with one or more of the following crimes: Assault in the Third Degree,Menacing in the Second Degree, Criminal Obstruction of Breathing or Blood Circulation, Forcible Touching and Harassment in the Second Degree, as to victim, Gerwin. Black also produceNYCPD Fingerprint Response Summary for | Exhibit 12 to Cho Declaration, BLACK_000065, 66 | Undisputed |

| | | | |
|---|---|---|---|
| | Black's arrest on August 10, 2014 reflecting arrest charges of "Assault 3rd Degree: With Intent To Cause Physical Injury" and "Criminal Mischief; Intent To Damage Property. | | |
| 31 | In the present action, Gerwin's counsel produced page 1 of a Domestic Incident Report, which stated: AT TPO C/V states she was on the phone with suspect mother and he was not happy about that. He grabbed her shoulder and twist one direction airabbed to side and twist the    other direction causing pain and redness…. The Report was signed was signed 8/10/14 by a police officer. | Exhibit 14 to Cho Declaration, LEVINE_000048. | Undisputed |
| 32 | In the present action, Gerwin's counsel produced page 2 of the New York State Domestic Incident Report: Statement of Allegations by Gerwin (in handwriting) that on August 10, 2014, the following occurred: When I woke up at 10:30 a.m., David was standing eating hisc acccbreakfast, I said good morning. David did not see himself so I remained in | Exhibit 14 to Cho Declaration, L Exhibit 10 to Cho Declaration, Response to Request No. 2.EVINE_000049. | Undisputed |

bed and askewhat had happened or if something waswrong. He immediately said I was ruining everything and called his mother saying I was no longer going to the theatre with them and trying to tell her I was upset about something. I reached for my cell phone immediately after David finished his phone call and called her Mrs. Black answering her phone we spoke for a few minutes and I apologized for the inconvenience of coming all the way to New York and not being able to attend the theatre with them. We continued to talk as I was still laying in bed when David suddenly jumped behind me on the bed and quickly reached for my head by my forehead and pulled my head back on his knees. He then pushed my head back on his knee and turned myshoulder the opposite direction. I screamed because it hurt in a terrible way, and his mother did also while I was still speaking with her on my phone.

David said I was lucky that the_____[illegible] over my phone. He let go and took my phone and crushed it on the edge of the table. David went

| | | | |
|---|---|---|---|
| | to the ice machine as I could not<br> stand then he went to the<br>____ [illegible] me out the<br>window. It's locked and far too small for<br>my b__ [illegible].<br>The Statement was signed 8/10 by Gerwin. | | |
| 33 | In the present action, Black produced a Certificate of Disposition in the New York Criminal Case reflecting that on 6/15/2015, Black pled guilty<br>and sentence was imposed under PG PL 240.20, with Conditional Discharge, Community Service and Order of Protection. | Exhibit 15 to Cho Declaration. | Undisputed |
| 34 | In or about June 2015, David Black pleaded guilty to a violation under New York Penal Law Section 240.20 in connection with an incident in New York on August 10, 2014 involving Jasmine Gerwin. | Exhibit 10 to Cho Declaration, Response to Request No. 1. | Undisputed |

| 35 | In or about June 2015, David Black was found guilty in Criminal Court of the City of New York, Case No. 2014NY061679, of a violation under New York Penal Law Section 240.20 in connection with an incident in New York on August 10, 2014 involving Jasmine Gerwin. | Exhibit 10 to Cho Declaration, Response to Request No. 2. | Undisputed |
| --- | --- | --- | --- |

| | The plaintiff's SUF | The plaintiff's evidence. | |
|---|---|---|---|
| 1 | The defendant State Farm was aware that Black's umbrella coverage provided personal injury compensation but made no attempt to resolve his claim or Gerwins with it. | The claim presented by the insured and Ms. Gerwin. Exhibit 5 | |
| 2 | State Farm did not provide the umbrella policy or identify its benefits until October 30, 2019 | Exhibit 7 to delaration of Steven OReilly, exhibit 3 to declaration of Phillip Baker | |
| 3 | State Farm asked their insured's if they wanted to make claims under the other two policies in its letter of December 7, 2016. | Exhibit 3 p. 3-4 | |
| 4 | State Farm was aware that their insured's had already made 6 different written demands for claims under those policies, no less than 6 times before December 7, 2016. | Exhibit 6 | |

PLAINTIFF'S STATEMENT OF GENUINE ISSUES  22

| | | | |
|---|---|---|---|
| 5 | State Farm 's attorneys removed the references to Personal injury recovery and the claims are available, from the plaintiff's umbrella policy before they identified it as an Undisputed Fact number 9 | exh. 4, exh. 5 | |
| 6 | State Farm's attorneys removed the personal injury descriptions and policy language from the umbrella policy  by removing sections 7b and 8. | Exh. 4 and exh. 5 Undisputed Fact number 9 | |
| 7 | State Farm owed their insured's the duty to conduct a prompt fair and thorough investigation into the claim presented. | | |
| 8 | State Farm breached that duty when it concealed the availability of personal injury recovery until October 30, 2019. | | |

| | | |
|---|---|---|
| 9 | State Farm has known that there are three policies Applicable to these claims since 2014 yet failed to disclose 2 of those 3 policies until October 30, 2019. | Exh 7, exh. 3 |
| 10 | State Farm's lawyers wrote an email claiming that they didn't have to produce the three policies because they didn't think that their production was necessary | Exh. 7 |
| 11 | State Farm would have had a record of the Reservation of Rights notice if they sent it by certified mail. | |
| 12 | No one at defense counsel Phillip Baker's office billed for receiving or reviewing a reservation of rights letter. | Dec Phillip Baker |
| 13 | State Farm's own team leader said that he would have sent the reservation of tight through certified mail. | depo Zimmerman |

PLAINTIFF'S STATEMENT OF GENUINE ISSUES  24

| | | |
|---|---|---|
| 14 | The three page letter prepared by team leader Don Zimmerman on April 19, 2016 makes no mention of a reservation of rights letter being mailed out on February 25, 2016. | See exh. 2 |
| 15 | State Farm continue to reject claims without even reviewing the policies. State Farm is aware that Jasmine Gerwin was arrested because the insured said that she had struck him. | |
| 16 | State Farm is aware that most, if not all of Gerwins claims were covered by the insured's personal injury protection, yet they relied on the homeowner's insurance coverage, only. | Exh. 3 |

PLAINTIFF'S STATEMENT OF GENUINE ISSUES  25

December 4, 2019

Law Office Steven O'Reilly
By /s /_____
     Steven O'Reilly